**Slip Op. 03-90**

UNITED STATES COURT OF INTERNATIONAL TRADE

_____

DANIEL ATTEBERRY,                           :

                                            :

                          *Plaintiff,*      :

                                            :

            v.                              :        Court No. 02-00647

                                            :

UNITED STATES,                              :

                                            :

                          *Defendant.*      :

_____:

[Defendant's motion for rehearing, modification and/or reconsideration denied.]

Dated:  July 24, 2003

Daniel Atteberry, Plaintiff *Pro Se*.

Peter D. Keisler, Assistant Attorney General; John J. Mahon, Acting Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (Jack S. Rockafellow); Yelena Slepak, Office of Assistant Chief Counsel, International Trade Litigation, Bureau of Customs and Border Protection, United States Department of Homeland Security, Of Counsel; for Defendant.

**MEMORANDUM OPINION**

RIDGWAY, Judge:

Pending before the Court is Defendant's Motion for Rehearing, Modification, and/or Reconsideration ("Def.'s Motion").  That motion is addressed to Atteberry v. United States, Slip Op. 03-53, 27 CIT ___, ___ F. Supp. 2d ____ (May 14, 2003) ("Atteberry"), which denied Defendant's

motion to dismiss this action for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 2636(a)(1) (2000).

The decision to grant or deny a motion for rehearing, modification or reconsideration is committed to the sound discretion of the Court. *See generally*, *e.g.*, D&L Supply Co. v. United States, 22 CIT 539, 540 (1998) (citations omitted). For the reasons set forth below, Defendant's Motion is denied.

**Analysis**

In this action, the plaintiff importer ("Importer") contests the decision of the United States Customs Service ("Customs")[1] re-classifying for tariff purposes certain merchandise which he imported. Atteberry addressed Defendant's motion to dismiss pursuant to 28 U.S.C. § 2636(a)(1), which requires that such an action be commenced "within one hundred and eighty days after *the date of mailing of notice of denial of a protest*." (Emphasis added.) Defendant's Memorandum in Support of Defendant's Motion for Rehearing ("Def.'s Memo on Rehearing") advances two arguments in support of its request for relief, which are addressed in turn below.

Defendant first notes that it moved to dismiss this action for lack of subject matter jurisdiction on two separate and independent grounds – for the Importer's alleged failure to file a timely summons (28 U.S.C. § 2636(a)(1) ), and for his failure to pay outstanding duties and interest

---

[1]Effective March 1, 2003, the Customs Service was renamed the Bureau of Customs and Border Protection of the United States Department of Homeland Security. *See Reorganization Plan Modification for the Department of Homeland Security*, H.R. Doc. 108-32, at 4 (2003).

before filing suit (28 U.S.C. § 2637(a) ). Defendant asserts that Atteberry "inexplicably decided only the first of the two jurisdictional prongs." Def.'s Memo on Rehearing at 1.

Atteberry was, on its face, confined to the issue of the challenge to subject matter jurisdiction under 28 U.S.C. § 2636(a)(1) – the issue of the timeliness of the summons. *See* Slip Op. 03-53 at 2, 27 CIT at ____, ____ F. Supp. 2d at ____ ("the Government's motion to dismiss for lack of subject matter jurisdiction pursuant to *§ 2636(a)(1)* must be denied"), 12 ("Defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to *28 U.S.C. § 2636(a)(1)* therefore must be, and hereby is, denied.") (emphases added). Further, Atteberry expressly noted that "the Government has also moved to dismiss the case for lack of subject matter jurisdiction under 28 U.S.C. § 2637(a) (2000). That motion remains pending . . . ." Slip Op. 03-53 at 11 n.11, 27 CIT at ____ n.11, ____ F. Supp. 2d at _____ n.11. It is thus difficult to understand Defendant's apparent concern that its alternative grounds for dismissal – 28 U.S.C. § 2637(a), the requirement for prepayment of outstanding duties – had been overlooked.

Defendant's second basis for reconsideration rests on its assertion that its motion for dismissal under 28 U.S.C. § 2636(a)(1) – the subject of Atteberry – was moot. *See* Def.'s Memo on Rehearing at 2-4. Defendant's argument on this point is premised on its claim that its Reply Brief on the motion to dismiss "unequivocally conceded the issue of timeliness of plaintiff's summons." *Id*. at 2, *citing* Defendant's Memorandum in Response to "Plaintiff's Motion for Summary Judgment and for Denial of Defendant's Motion to Dismiss" ("Def.'s Reply Brief") at 3.

However, a review of Defendant's Reply Brief reveals that Defendant's position on the timeliness of the summons was anything but "unequivocal" – particularly in light of its opening

submission, Defendant's Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's Action for Lack of Subject Matter Jurisdiction ("Def.'s Brief"). In support of its position here, Defendant cites a single statement on page 3 of its Reply Brief. What Defendant notably does not say is that the sentence on which it pins its entire argument (the sentence which it contends "unequivocally conceded" the timeliness issue) appears only in the section of its Reply Brief captioned "Standard of Review" – and that, even within that section, the sentence is buried in a paragraph of "boilerplate" on the standards governing summary judgment.

Moreover, Defendant ignores the few other relevant statements in its Reply Brief, all of which were – at best – decidedly half-hearted, hedged and ambiguous. *See* Def.'s Reply Brief at 2 n.2 (referring dismissively to "*allegedly responsive* documents" submitted by the plaintiff Importer concerning, *inter alia*, the timing of the mailing of the Notice of Denial of Protest, and conceding only that "one of them, a postmarked envelope, does *tend to show* that the summons was timely filed") (emphases added). *See also id*. at 1 (asserting that "it now *appears* that the summons was filed timely") (emphasis added).

Further, Defendant's motion to dismiss under 28 U.S.C. § 2636(a)(1) – the subject of Atteberry – advanced two separate and distinct theories for dismissal of the action as untimely: (1) that the Notice of Denial in this case was in fact mailed (read "postmarked") on April 3, 2002, pursuant to Customs' standard practice and procedure, and (2) that the statute's reference to "date of mailing" (rather than "date of postmark") meant that – even if the Notice was postmarked later than April 3, 2002 – the 180-day statutory clock for filing of an action in this Court nevertheless

began to run when the Notice was "placed in a box intended solely for U.S. Mail." *See* Def.'s Brief at 5-7 (the first theory); *id.* at 7 n.4 (the second theory).

The only evidence bearing on the first theory which became available between Defendant's opening brief and its Reply Brief was the postmarked envelope submitted by the plaintiff Importer – which, as noted above, the Government denigrated as merely "*tend[ing] to show* that the summons was timely filed." Def.'s Reply Brief at 2 n.2 (emphasis added). Even if Defendant actually (if grudgingly) accepted that evidence as dispositive of its first theory (which is far from clear to a dispassionate reader of Defendant's Reply Brief), the postmarked envelope was irrelevant to Defendant's second theory. Nor did any evidence whatsoever bearing on the Government's second theory come to light between its opening brief and its Reply Brief. Thus, not only was there nothing "unequivocal" about the *language* of Defendant's Reply Brief, there was also nothing in the inherent *logic* of its motion, in light of the evidence adduced, which would have suggested that Defendant intended to abandon its motion under § 2636(a)(1) – particularly its second theory. As it is, the ambiguity of Defendant's Reply Brief is easily read as implicitly acknowledging that the Government would almost certainly lose on its first theory (the date-of-postmark theory), but might still prevail on its second theory (which urged construction of "date of mailing" as date of deposit in a mailbox).

If Defendant truly intended to abandon its motion to dismiss under § 2636(a)(1), it was incumbent on Defendant to alert the Court and the plaintiff to its change of position, to spare them any further effort. Judges should not be required to be clairvoyant. Nor should they be required to affirmatively undertake to interrogate parties that fail to clearly articulate their positions. *Cf.* United

States v. Gimbel, 782 F.2d 89, 92 n.6 (7th Cir. 1986) ("admonish[ing] the Government . . . to be more careful and to present its arguments to the district judge in a much clearer fashion. District judges, who already carry a heavy workload, cannot be burdened with the additional task of deciphering a party's cryptic (and unhelpful) legal argument, even when the issues may be fairly simple. This is particularly true when that party is the federal government which has sufficient resources . . . .").

Here, Defendant filed nothing which was calculated to properly alert the Court to a such a dramatic change of position: No separate notice, properly captioned, advising the Court and the plaintiff that Defendant was affirmatively withdrawing its motion to dismiss under § 2636(a)(1), no section of Defendant's Reply Brief captioned and devoted exclusively to the point – not even prominent use of terminology such as "withdraw," "abandon," "moot," or "concede."

The requirement that parties clearly articulate their positions is grounded in sound policy. In a situation like this, it is difficult not to be cynical about a litigant's posture. While it is easy to understand why the Government might not want Atteberry "on the books," it is difficult not to speculate whether Defendant would have sought reconsideration (arguing that the matter was moot) if that opinion had come out differently – if, for example, Atteberry had dismissed this action based on Defendant's second theory (which sought to construe "date of mailing" as date of deposit in a mailbox). Permitting liberal *post hoc* "clarification" of parties' positions in situations such as this might encourage some future litigants to draft their papers with a studied ambiguity, so that if they were unhappy with the court's subsequent decision, they could point after-the-fact to subtle phrases and nuances in their submissions to argue that they had abandoned a particular theory and that the court's opinion therefore should be withdrawn. Litigants cannot "have their cake and eat it too."

Finally, it is worth noting that – even if Defendant had in fact unequivocally withdrawn its motion to dismiss under § 2636(a)(1) – withdrawal would not necessarily have mooted the matter. There are several well-established exceptions to the doctrine of mootness. *See*, *e.g.*, Torrington Co. v. United States, 44 F.3d 1572, 1577 (Fed. Cir. 1995) (recognizing exception for matters "capable of repetition, yet evading review"). Particularly in light of the concerns expressed in Atteberry at footnote 10, and their impact on issues such as Customs' right to continue to enjoy the "presumption of regularity," the matter might arguably fall within one of those exceptions. *See* Slip Op. 03-53 at 9-11, 27 CIT at ____, ____ F. Supp. 2d at ____.

## **Conclusion**

For all the foregoing reasons, Defendant's Motion for Rehearing, Modification, and/or Reconsideration must be, and hereby is, denied.

_____
Delissa A. Ridgway
Judge

Dated:   July 24, 2003
          New York, New York